IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID YOUNG, CHRISTOPHER HARRIS, MICHAEL L. TAYLOR, and AMERICAN INTERNATIONAL SECURITY CORPORATION,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:12-CR-502-TC-DBP |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT G. LUSTYIK, JR., MICHAEL L. TAYLOR, and JOHANNES W. THALER,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:12-CR-645-TC-DBP |

Defendant Michael Taylor was indicted in the related cases of United States v. Young, et al., 2:12-CR-502 (the 502 case), and United States v. Lustyik, et al., 2:12-CR-645 (the 645 case). He has since pled guilty. But before he pled, he and Co-Defendant American International Security Corporation (AISC) filed a Motion to Suppress on July 1, 2013, in the 502 case.[1] Mr.

---

[1] See Motion to Suppress All Electronic Documents Obtained Through Unconstitutional General Searches and Seizures (Docket No. 271 in 2:12-CR-502).

Taylor filed a Motion to Suppress in the 645 case on the same date.[2] The motions to suppress challenged three search warrants (the 502 warrants) and the subsequent searches and seizures of Mr. Taylor's property that occurred under the direction of the warrants. The 502 warrants permitted officers to search and seize computers located in AISC's offices and the offices of its attorneys, as well as e-mails from Mr. Taylor's and AISC's e-mail accounts.[3] Mr. Taylor also challenged seven search warrants issued in the 645 case that were directed at his e-mail accounts and other property.

In the 645 case, Co-Defendants Robert G. Lustyik and Johannes W. Thaler filed separate Motions to Join in Defendant Taylor's Motion to Suppress[4] and a Joint Memorandum in Support of Motion to Suppress.[5,6] On October 15 and 16, 2013, the court held an evidentiary hearing on

---

[2] See Motion to Suppress All Electronic Documents Obtained Through Unconstitutional General Searches and Seizures (Docket No. 306 in 2:12-CR-645).

[3] (1) December 9, 2011 Search Warrant issued by Magistrate Judge Judith G. Dein (D. Mass) for electronic documents contained on computers present on the premises of AISC (Docket No. 286-2 in 2:12-CR-502);
 (2) December 9, 2011 Search Warrant issued by Magistrate Judge Dein for electronic documents contained on AISC-owned computers located at the offices of Deutsch, Williams, Brooks, DeRensis & Holland (Docket No. 286-3 in 2:12-CR-502); and
 (3) December 15, 2011 Search Warrant issued by Magistrate Judge Brooke C. Wells (D. Utah) for the e-mail accounts aisc01@aol.com and aisc3@aol.com (Docket No. 286-1 in 2:12-CR-502).

[4] See Defendant Lustyik's Motion to Join in Defendant Taylor's Motion to Suppress (Docket No. 397 in 2:12-CR-645); see Defendant Thaler's Motion to Join in Defendant Taylor's Motion to Suppress (Docket No. 396 in 2:12-CR-645).

[5] See Joint Memorandum in Support of Motion to Suppress All Electronic Documents Obtained through Unconstitutional General Searches and Seizures (Docket No. 389 in 2:12-CR-645).

[6] Although it was not filed as a separate motion, based on the arguments they make, the court will treat Mr. Lustyik's and Mr. Thaler's Joint Memorandum in Support of Motion to

2

the motions to suppress in both cases. The first day of the evidentiary hearing centered on testimony about the 502 warrants and the methods used to search Mr. Taylor's electronic materials. The subject of the second day of the hearing was how evidence seized in the 502 case led to the issuance of the sixteen warrants in the 645 case, as well as the searches and seizures done in reliance on the 645 warrants.

During the first day of the hearing, Mr. Taylor's Co-Defendants attempted to question Special Agent Keith Darnell and Jessica Gray about the 502 warrants. But the court did not allow them to do so, ruling from the bench that Mr. Lustyik and Mr. Thaler did not have standing to question the two witnesses and promised a written order expanding on the issue. As the court indicated during the hearing, the basis for the ruling is now set forth in this order.

As part of his plea bargain, Mr. Taylor withdrew both motions to suppress.[7] To the extent that Mr. Lustyik and Mr. Thaler's motions for joinder in the motion to suppress remain, the court finds that both Co-Defendants lack the necessary standing to challenge the 502 warrants, searches, and seizures directly and through the doctrine of Fruit of the Poisonous Tree. But Mr. Lustyik and Mr. Thaler do have standing to contest the 645 warrants that authorized searches and seizures of their own personal property.

---

Suppress All Electronic Documents Obtained Through Unconstitutional General Searches and Seizures (Docket No. 389 in 2:12-CR-645) as if it were a motion filed by these Co-Defendants.

[7] See Defendants AISC and Michael Taylor's Withdrawal of Motions (Docket No. 502 in 2:12-CR-502); see Defendant Taylor's Withdrawal of Motions (Docket No. 533 in 2:12-CR-645).

The 502 Warrants

Co-Defendants Mr. Lustyik and Mr. Thaler Do Not Have Standing to Challenge the Warrants in the 502 Case.

As parties to the e-mails obtained from AISC's computers and the Internet service provider (ISP), America Online, Inc., Mr. Lustyik and Mr. Thaler claim that they have standing because they had a subjective and reasonable privacy interest in the e-mail conversations which they were having with their Co-Defendants. Recognizing that they would not have standing if the message had been transported through traditional mail, Mr. Lustyik and Mr. Thaler argue that e-mail and text-message conversations should be distinguished from correspondence by traditional mail because "e[-]mail is non-tangible and provides a platform for communication which, although asynchronous, bares more similarity to a face-to-face meeting or a telephone call than traditional mail."[8] They further argue that the instantaneous nature of e-mails makes them more comparable to telephone calls: "Whereas the expectation of privacy may be lost upon delivery of a traditional letter, the expectation of privacy in an e[-]mail conversation continues throughout the discussion (similar to a phone call)" and therefore the interception of such a communication violates the privacy interests of all parties involved in the conversation.[9]

But the defendants are wrong as a matter of law. A sender of an e-mail loses his or her reasonable expectation of privacy in an e-mail that has actually reached the intended recipient. Guest v. Leis, 255 F.3d 325, 333 (6th Cir. 2001); see also United States v. Lifshitz, 369 F.3d 173, 190 (2d Cir. 2004) (An individual may not "enjoy [] an expectation of privacy in transmissions

---

[8] Defs.' Reply to Pl.'s Resp. to Mot. to Suppress 4, Docket. No. 421 in 2:12-CR-645.

[9] Id.

over the Internet or e-mail that have already arrived at the recipient"). "The e-mailer would be analogous to a letter-writer, whose 'expectation of privacy ordinarily terminates upon delivery' of the letter." Guest, 255 F.3d at 333 (quoting United States v. King, 55 F.3d 1193, 1196 (6th Cir. 1995). In Warshak v. United States, the United States Court of Appeals for the Sixth Circuit analogized a search and seizure of e-mails through an ISP to the interception of a letter at a post office. 631 F.3d 266, 286 (6th Cir. 2010). Here, transmission of all the e-mails and texts was complete before seizure, that is, the e-mails had already arrived at the intended recipient account. Any reasonable expectation of privacy Mr. Lustyik and Mr. Thaler may have had in their e-mails ended when Mr. Taylor received the messages in his and AISC's e-mail accounts.

Because the three 502 warrants were directed at electronic information which was either property of Mr. Taylor or property of AISC of which Mr. Taylor is the sole owner, the court finds that only Mr. Taylor and AISC would have standing to challenge their searches. Mr. Lustyik and Mr. Thaler both lack the ability to challenge the 502 warrants and subsequent searches and seizures. See e.g., Mancusi v. DeForte, 392 U.S. 364, 369 (1968).

## The 645 Warrants

### Mr. Lustyik and Mr. Thaler Cannot Challenge the Warrants in the 502 Case through the "Fruit of the Poisonous Tree" Doctrine.

As part of their argument for suppression, Mr. Lustyik and Mr. Thaler contend that under the "fruit of the poisonous tree" doctrine, all "e[-]mail communications, text messages, telephone call information, and other electronic documents or records seized by the government" pursuant

to ten[10] warrants[11] in the 645 case should be suppressed because the warrants relied on the allegedly illegally seized evidence in the 502 case. But Mr. Lustyik and Mr. Thaler's Fourth Amendment rights were not violated by the searches and seizures that occurred in the 502 case so they cannot challenge the 645 warrants based on the doctrine of "fruit of the poisonous tree."

Fourth Amendment rights are personal and cannot be claimed vicariously. Rakas v. Illinois, 439 U.S. 128, 133–34 (1978). "It is immaterial if evidence sought to be introduced against a defendant was obtained in violation of someone else's Fourth Amendment rights."

---

[10]In their supplemental memorandum, Mr. Lustyik and Mr. Thaler contend that they are challenging "seven warrants" in the 645 case. But there are ten warrants in the 645 case that relate to Mr. Lustyik and Mr. Thaler.

[11](1)May 23, 2012 Search Warrant issued by Magistrate Judge Samuel Alba (D. Utah) for the e-mail account blustyik16@hotmail.com (Docket No. 389-1 in 2:12-CR-645);
(2) June 13, 2012 Search Warrant issued by Magistrate Judge Alba for the e-mail account hannestee@yahoo.com (Docket No. 389-2 in 2:12-CR-645);
(3)August 2, 2012 Search Warrant issued by Magistrate Judge Evelyn J. Furse (D. Utah) for the e-mail account blustyik16@hotmail.com (Docket No. 389-3 in 2:12-CR-645);
(4)September 7, 2012 Search Warrant issued by Magistrate Judge Dustin Pead (D. Utah) for the e-mail account hannestee@yahoo.com (Docket No. 389-4 in 2:12-CR-645);
(5)September 14, 2012 Search Warrant issued by Magistrate Judge William I. Garfinkel (D. Conn.) for the computer hard drives at the residence located at 27 Chestnut Hill Drive, New Fairfield, Connecticut (Docket No. 389-5 in 2:12-CR-645);
(6)September 14, 2012 Search Warrant issued by Magistrate Judge Garfinkel for the Apple iPhone used by Johannes Thaler (Docket No. 389-6 in 2:12-CR-645);
(7)September 17, 2012 Search Warrant issued by Magistrate Judge Paul E. Davison (S.D. N.Y.) for the Blackberry handheld device associated with the telephone number (914)-703-5048 (Docket No. 389-7 in 2:12-CR-645).
(8)September 17, 2012 Search Warrant issued by Magistrate Judge Davison for the residence located at 21 Devries Ave., Sleepy Hollow, New York (Docket No. 389-8 in 2:12-CR-645);
(9)October 2, 2012 Search Warrant issued by Magistrate Judge Davison for the Robert Lustyik's FBI White Plains Resident Area Office, 222 Bloomingdale Road, Second Floor, Pod 6, White Plains, New York (Docket No. 389-9 in 2:12-CR-645); and
(10)January 15, 2013 Search Warrant issued by Magistrate Judge Pead for the e-mail account blustyik16@hotmail.com (Docket No. 389-10 in 2:12-CR-645).

United States v. Valdez Hocker, 333 F.3d 1206, 1208-09 (10th Cir. 2003) (quoting United States v. Rascon, 922 F.2d 584, 586 (10th Cir. 1990)).

The "fruit of the poisonous tree" doctrine applies only when the challenger has standing regarding the Fourth Amendment violation which constitutes the poisonous tree. U.S. Olivares-Rangel, 458 F.3d 1104, 1117 (10th Cir. 2006); see also United States v. Salvucci, 448 U.S. 83, 85 (1980). The relevant inquiry in determining whether a defendant has standing to challenge evidence through the "fruit of the poisonous tree" doctrine "is whether his or her Fourth Amendment rights were violated, not the defendant's reasonable expectation of privacy in the evidence alleged to be poisonous fruit." Olivares-Rangel, 483 F.3d at 1117.

Even if Mr. Lustyik and Mr. Thaler were correct that the searches and seizures in the 502 case were unlawful as they allege, they still would not be able to suppress the evidence obtained from the 502 warrants, searches, or seizures because the 502 warrants did not violate Mr. Thaler or Mr. Lustyik's Fourth Amendment rights. In other words, Mr. Lustyik and Mr. Thaler cannot seek to suppress the poisonous fruits of a tree unless they can challenge the poisonous tree itself. Because the searches and seizures that occurred in the 502 case did not violate the Fourth Amendment rights of Mr. Lustyik or Mr. Thaler, both Defendants lack standing to challenge the 645 warrants as derivative of allegedly illegally obtained evidence from the 502 searches and seizures.

Mr. Lustyik and Mr. Thaler Can Challenge the 645 Warrants, Searches, and Seizures with Respect to their E-mail Accounts and Property.

Co-Defendants Mr. Lustyik and Mr. Thaler can only challenge the evidence that concerns their Fourth Amendment rights. This includes the 645 warrants issued for their own e-mail

7

accounts, cell phones, and computer hard drives. Mr. Lustyik and Mr. Thaler may also challenge the method and scope of the searches and seizures of their own personal electronic property.

Accordingly, the court takes under advisement Mr. Lustyik and Mr. Thaler's motion to suppress the 645 warrants, searches, and seizures that relate to their own personal property.

SO ORDERED this 17th day of December, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge